MARGUERITE DePOTTER, RELATOR, v. JAMES F. PATTEN, RESPONDENT.

Decided March 22, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the relator, *William V. Herer*.

For the respondent, *David T. Wilentz*.

PER CURIAM.

The relator, Marguerite DePotter, is a resident, elector, taxpayer and freeholder in the city of Rahway, and seeks by this proceeding to have the office of police justice of that city, to which one James F. Patten, the respondent, was appointed by the common council of Rahway on the 1st of January, 1931, declared vacant. She claims to be entitled to the relief sought by virtue of the following provision of the charter of the city of Rahway, which was granted by the legislature in 1865, viz., "that no person shall be eligible to any office in said city unless he shall then be an elector and resident thereof." She asserts in her information that at the time of his appointment Patten was neither an elector nor resident of Rahway, and that, consequently, under the charter provision just recited, his appointment by the common council of the city was in violation of law, and therefore a nullity.

Whether or not Patten was a resident of Rahway at the time of his appointment is a matter in dispute. It is conceded, however, that he was not then an elector of that city. It is contended on his behalf that his eligibility to the office at the time of his appointment did not depend upon whether or not he was an elector of the municipality, but that mere residence therein at that time was sufficient to justify the action of the common council. This contention is based upon the statute of 1877 (*Comp. Stat.*, *p.* 3783), entitled "An act relative to offices, commissions and resignations." This statute provides that "each and every person who shall hereafter hold any office in this state, under the authority thereof, shall reside within this state and execute such office; and also that every person holding an office, the authority

and duties of which relate to a county only, shall reside in such county; and also that every person holding an office, the authority and duties of which relate to a city or township, shall reside within such city or township." The relator contends that, although this statute was passed subsequent to the granting of the city charter, it does not affect the provision of that instrument which requires that an office holder shall be not only a resident, but also an elector at the time of his appointment.

In our opinion, this contention is sound. The legislature, by the act of 1877, did not attempt to prescribe the qualifications of a person for an office which is required to be filled by the common council of a municipality. It merely required the residence in the municipality of the appointee during the term for which he was appointed, leaving his qualifications as prescribed by earlier legislation unaffected thereby.

The charter provision of the city of Rahway prescribing the qualifications of persons who may be appointed to office in that municipality still remaining in force, the relator is entitled to judgment.